IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN C. SCHARTZ, on behalf of himself and all others similarly situated and derivatively on behalf of THE FEMALE HEALTH COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. _____ |
| O.B. PARRISH, WILLIAM R. CARGIULO, DONNA FELCH, DAVID R. BETHUNE, ANDREW S. LOVE, MARY MARGARET FRANK, SHARON MECKLES, ELGAR PEERSCHKE, MITCHELL S. STEINER, HARRY FISCH, GEORGES MAKHOUL, MARIO EISENBERGER, and LUCY LU, | ) ) ) ) ) ) ) ) ) | Honorable _____ |
| Defendants, | ) ) | |
| and | ) ) | |
| THE FEMALE HEALTH COMPANY, | ) ) | |
| Nominal Defendant. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants O.B. Parrish, William R. Cargiulo, Donna Felch, David R. Bethune, Andrew S. Love, Mary Margaret Frank, Sharon Meckles, Elgar Peerschke, Mitchell S. Steiner, Harry Fisch, Georges Makhoul, Mario Eisenberger, and Lucy Yu and Nominal Defendant The Female Health Company (collectively, "Defendants"), hereby remove the above-captioned action, *Schartz v. Parrish et al.*, Case No. 2016 CH 14488 (the "State Court Action"), from the Circuit Court of Cook County, Illinois ("Cook County Circuit Court") to the United States District Court for the Northern District of Illinois. In support thereof, Defendants state the following:

**Background**

1.      On November 4, 2016, Plaintiff Brian C. Schartz ("Plaintiff") commenced this putative class action by filing in state court his Verified Stockholder Class Action and Derivative Complaint ("Complaint" or "Compl."). In accordance with 28 U.S.C. §1446(a), a true and correct copy of the Complaint is attached as **Exhibit A**. The State Court Action was brought by Plaintiff individually and on behalf of a putative class of all others similarly situated (the "Class"), as well as derivatively on behalf of The Female Health Company ("Female Health"). Plaintiff alleges that Defendants purportedly caused the merger of Female Health and Aspen Park Pharmaceuticals, Inc. ("Aspen Park") without proper shareholder approval (the "Transaction"), resulting in losses to Plaintiff and the Class. (Compl. ¶¶ 83-84).

2.      On behalf of himself and the putative class, and derivatively on behalf of Female Health, Plaintiff alleges claims for breach of fiduciary duty (Count I), aiding and abetting breaches of fiduciary duties (Count II), and unjust enrichment (Count III).

3.      On November 7, 2016, Plaintiff filed a Motion for Preliminary Injunction asking to enjoin the Board of Directors (the "Board") of Female Health from taking actions to complete the Transaction, including hiring new employees, converting securities of Female Health, issuing equity or debt securities of Female Health, and transferring funds between Female Health and Aspen Park. (*See* Pl.'s Memo. of Law in Support of Mot. for Prelim. Injunction, pp. 1-2, attached as **Exhibit B).**

4.      This Notice of Removal is timely filed within thirty days of Defendants' receipt of Plaintiff's Complaint on or about November 7, 2016. *See* 28 U.S.C. § 1446(b).

**ORIGINAL JURISDICTION PURSUANT TO CAFA**

5.      Jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332 because this case satisfies the requirements found in the provisions of CAFA, codified at 28 U.S.C.

§§ 1332(d) and 1453. This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C § 1332(d), because: (1) the putative class action consists of at least 100 proposed class members; (2) no defendant is a state, state official, or other governmental entity; (3) the citizenship of at least one putative class member is different from that of any defendant; and (4) the aggregate amount placed in controversy by the claims of Plaintiffs and the proposed class members exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

### *The Proposed Class Consists Of More Than 100 Members*

6.      CAFA defines the term "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed the State Court Action pursuant to 735 ILCS 5/2-801 *et seq.*, which is similar to Fed. R. Civ. P. 23. (Compl. ¶ 68).

7.      Plaintiff alleges that "[t]he Class is so numerous that joinder of all members is impracticable." (Compl. ¶ 70). Plaintiff apparently makes this allegation based on the number of outstanding shares of Female Health common stock. "As of July 28, 2016, there were 29,052,667 shares of Female Health common stock outstanding." (*Id.*).

8.      The putative class members exceed 100 based on the number of outstanding shares of Female Health common stock. Thus, the aggregate number in Plaintiff's proposed class is greater than 100 for the purpose of satisfying 28 U.S.C. § 1332(d)(5)(B).

### *Defendants Are Not Governmental Entities*

9.      Defendants are not states, state officials, or other governmental entities.

### *The Minimal Diversity Requirement Is Met*

10.     There is diversity of citizenship between Defendants and one or more members of Plaintiff's proposed Class in accordance with 28 U.S.C. § 1332(d)(2)(A).

3

11.     On information and belief, Plaintiff is a citizen of Pennsylvania.

12.     Nominal Defendant Female Health is a Wisconsin corporation with its principal place of business in Illinois. (Compl. ¶ 20).

13.     The Individual Defendants, on information and belief, are citizens of various states, including Illinois, North Carolina, Wisconsin, Virginia, Maine, New York, New Jersey, Maryland, Tennessee, Arizona, Pennsylvania, and Michigan.

14.     Members of Plaintiff's proposed Class are also citizens of a State different from Defendants.  Plaintiff's putative class is defined as, "all holders of Female Health common stock on October 31, 2016 and their successors in interest." (Compl. ¶ 68). This encompasses a number of persons and entities with citizenship of States other than that of Defendants.

### *The Amount In Controversy Requirement Is Satisfied*

15.     This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(d)(2), because the amount at stake exceeds $5,000,000, exclusive of interest and costs.  A removing defendant's initial burden with respect to CAFA's $5,000,000 amount in controversy requirement is to present a plausible allegation of the amount at stake in its notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).  If "the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Halperin v. Int'l Web Servs., LLC*, 123 F. Supp. 3d 999, 1004 (N.D. Ill. 2015) (quoting *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011)).

16.     Plaintiff alleges that the Class and Female Health have suffered "damages … as a result of the Individual Defendants' breaches of fiduciary duties or aiding and abetting thereof." (Compl., p. 28). Plaintiff and the Class's alleged damages include the "expropriation of the value

of their holdings of Female Health common stock ….." ( Compl., p. 26). Analyzing the historical stock prices of Female Health stock from the first announcement of the merger on April 5, 2016 through the closing date of October 31, 2016 shows a drop in stock price from $1.82 to $0.95 per share. (*See* Female Health Company Historical Stock Prices, dated Nov. 10, 2016 attached as **Exhibit C**). With over 29 million shares outstanding, (Compl. ¶ 70), any damages based on stock price would result in damages of over $5,000,000.

17.     Plaintiff also prays for a preliminary and permanent injunction "enjoining the Board from taking action in furtherance of the merger of Aspen Park with and into Female Health, including but not limited to:  (1) hiring new employees and adding or replacing directors; (2) converting any convertible securities of Female Health or seeking stockholder approval to convert any such securities; (3) issuing additional equity or debt securities of Female Health, drawing down debt, and exercising, facilitating the exercise of, or modifying the exercise price, vesting and/or other terms of any warrants, options, or other equity derivative securities of Female Health; and (4) transferring funds between and among Female Health and its Aspen Park subsidiary and/or their respective affiliates or taking any other action to finance the Aspen Park business." (*Id.*).

18.     Plaintiff further seeks "appropriate equitable, declaratory and injunctive relief to remedy the Individual Defendants' breaches of fiduciary duties or aiding and abetting thereof, including, but not limited to, rescission of the Transaction, or, in the alternative, awarding Plaintiff, the Class, and Female Health rescissory damages." (*Id.*).

19.     Finally, Plaintiff seeks to order "[D]efendants Steiner and Fisch to disgorge to Plaintiff, the Class, and Female Health, the Female Health common and preferred stock they received in the Transaction." (*Id.*). According to the Complaint, Defendants Steiner and Fisch

received two million shares of Female Health common stock in the Transaction. (Compl. ¶ 59). The stock price for Female Health common stock on October 31, 2016 was $0.95 per share, (*see* **Exhibit C**), which equates to alleged damages of almost $2,000,000 in Count III alone.

20.     Consequently, the cumulative damages sought by Plaintiff, including equitable relief, exceed CAFA's minimum threshold of $5,000,000.

### *The "Internal Affairs" Exception Does Not Apply*

21.     Pursuant 28 U.S.C. §1332(d)(9)(B), the grant of original jurisdiction to district courts over class actions described in §1332(d) "shall not apply to any class action that *solely* involves a claim … that relates to the internal affairs or governance of a corporation … and that arises under or by virtue of the laws of the State in which such corporation … is incorporated or organized." (Emphasis added). The CAFA removal statute, 28 U.S.C. §1453(d)(2), sets forth identical language as one of three "Exceptions" to the right of removal based on CAFA.

22.     The Seventh Circuit has held that it is the plaintiff, not the defendant, who has the burden to show that any of the exceptions set forth in §1453(d) apply, and require a remand. *Appert v. Morgan Stanley Dean Witter*, 673 F.3d 609, 619 (7th Cir. 2012). However, when Defendants as a courtesy informed Plaintiff that they would be filing this Notice of Removal, Plaintiff asserted that the "internal affairs" exception applied. Plaintiff went so far as to accuse Defendants of having "no good faith basis" for removal. Defendants therefore will address why the exception does not apply, while maintaining it remains Plaintiff's burden to prove. *See Hart v. FedEx Ground Package Sys., Inc*., 457 F.3d 675, 682 (7th Cir. 2006).

23.     Seventh Circuit law holds that the "internal affairs" exception to CAFA removal jurisdiction only applies where the complaint at issue makes claims that arise "solely" under the asserted exception. *LaPlant v. Northwestern Mut. Life Ins. Co*., 701 F.3d 1137, 1140-41 (7th Cir.

2012). In *LaPlant*, plaintiff brought a class action challenging Northwestern Mutual's calculation of dividends. *Id*. at 1138. The district court concluded that this "related to that insurer's internal affairs" and ordered a remand. *Id*. at 1139. The Seventh Circuit reversed, holding that the exception did not apply because the suit related not only to the insurer's internal affairs, but also to the terms of annuity contracts that implicated the contract law of states other than Wisconsin. *Id*. at 1140. The Court reasoned that "if multiple states' law applies, this litigation cannot be resolved 'solely' under Wisconsin's corporate law." *Id*. at 1140-41.

24.     The Court reached similar results regarding the securities exceptions to CAFA removal jurisdiction in §§1453(d)(1) and (3). The Seventh Circuit has decided that "solely" means what it says:  if the case does not "solely" involve a security, the exceptions do not apply. In analyzing this, the Court looks to what the case is actually about, and does not simply rely on how plaintiff tries to plead it. In *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009), for example, plaintiff alleged that his claim fell under the Section 1353(d)(3) exemption because it "relates to the rights, duties (including fiduciary duties) and obligations relating to or created by or pursuant to any security." *Id*. The Court ruled, "if as defendants insist the claim rests on a contention that deceit occurred in the merger and related transactions, then §1453(d)(3) does not prevent removal and the suit must be decided on the merits in federal court.  If the complaint rests on *both* theories, then it is [still] removable because §1453(d) covers only a class action that is 'solely' one of the three enumerated kinds."  *Id*. *Accord*, *Appert*, 673 F.3d at 621 (Court held that §1453(d)(1) exception did not apply because "the HPI fee applies when a confirmation slip is mailed to an investor who sells or buys any security at all, whether covered or not, and thus, does not "solely" concern a covered security").

25.     In removing this action, Defendants contend that the "internal affairs" exception does not apply because Plaintiff's complaint does not "solely" concern the internal affairs of Female Health's Board of Directors and shareholders. To the contrary, the complaint challenges a merger that closed on October 31, 2016.  (*See* Compl. ¶14). The merger was between Female Health's wholly-owned subsidiary, Blue Hen, and Aspen Park. *Id*. Although Plaintiff's description does not acknowledge it, Blue Hen and Aspen Park are both **Delaware** corporations. The merger was a Delaware merger, subject to Delaware law, it was approved by the shareholders of both merging companies, and the merger was filed with the Delaware Secretary of State.  (*See* **Exhibit D** (Female Health Company Form 8-K dated October 31, 2016); **Exhibit E** (Certificate of Merger); **Exhibits F, G** (Shareholder authorizations); **Exhibit H** (Aspen Board resolution)).[1]

26.     It is true that Plaintiff also complains about the Female Health Board's decision to designate a class of Series 4 Convertible Preferred stock that was given to Aspen Park's shareholders as consideration for becoming a wholly-owned subsidiary of Female Health. (*See* **Exhibit D** at 2). The merger agreement expressly provided that the conversion rights of the Series 4 preferred stock were contingent upon the shareholders of Female Health approving the Board's authorization of sufficient additional shares of Female Health common stock to permit the conversion to occur. Unlike the Blue Hen-Aspen Park merger, which was subject to Delaware law, the Board's authority to designate a class of preferred stock without a shareholder vote was governed (and expressly permitted) by Wisconsin law – specifically, Wis. Rev. Stat.

---

[1] *See Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002) (remarking that documents referenced in a plaintiff's complaint can be properly brought before the court on a motion to dismiss); *Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Tr. Fund v. Allscripts-Misys Healthcare Sols., Inc*., 778 F. Supp. 2d 858, 875, n.6 (N.D. Ill. 2011) ("a court may take judicial notice of documents filed with the SEC for the purpose of showing what statements the documents contain") (*quoting George v. Kraft Foods Glob., Inc*., 674 F. Supp. 2d 1031, 1043-44 (N.D. Ill. 2009) (holding that a court can take judicial notice of documents filed with the SEC)).

180.1002 and 180.0601. The merger in this respect implicates Wisconsin law in addition to Delaware law.

27.     However, there is no escaping the fact that Plaintiff's lawsuit is dominantly about the legality of a merger between two Delaware companies, neither of which was Female Health. The merger arose under Delaware law, and did not "solely" concern the internal affairs of Female Health's Board of Directors and shareholders. Therefore, under Seventh Circuit case law, the "internal affairs" exception does not apply, nor do the securities-related exceptions set forth in §§ 1453(d)(1) and (3). Plaintiff's suit is removable under CAFA.

**Additional Requirements for Removal**

28.     Venue is proper in this Court because the action is being removed from the Cook County Circuit Court, which lies within the Northern District of Illinois. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

29.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file with the Clerk of the Cook County Circuit Court and serve on all parties a true and correct copy of this Notice of Removal.

30.     Pursuant to Federal Rule of Civil Procedure 7.1, two copies of the Corporate Disclosure Statement of Female Health are attached as **Exhibit I**.

31.     A completed Civil Cover Sheet is attached as **Exhibit J**.

32.     By filing this Notice of Removal, Defendants do not waive any jurisdictional objections or other defenses that are or may be available to them.

**Conclusion**

33.     Removal of this case is proper because the amount in controversy requirement has been met and the minimum diversity requirements of CAFA have been satisfied.

WHEREFORE, Defendants respectfully remove the State Court Action pending in the Cook County Circuit Court to this Court to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: November 18, 2016               Respectfully submitted,

By: /s/ Steven M. Malina_____
Steven Marc Malina
Daniel Hildebrand
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: 312-456-8400
Facsimile: 312-456-8435

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Steven M. Malina, hereby certify that a true copy of this **NOTICE OF REMOVAL** has been served upon the following by United States mail, first class postage prepaid, on November 18, 2016:

> Thomas A. Zimmerman, Jr.
> Amelia S. Newton
> ZIMMERMAN LAW OFFICES, P.C.
> 77 West Washington Street
> Chicago, IL  60602
>
> Eric L. Zagar
> Michael C. Wagner
> Matthew A. Goldstein
> MELTZER & CHECK, LLP
> 280 King of Prussia Road
> Radnor, PA  19087

s:/ Steven M. Malina
Steven M. Malina