IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN C. SCHARTZ, )
)
       Plaintiff, )
)
   v. ) No. 16 C 10736
)
O.B. PARISH, et al. )
)
       Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter comes before the court on Plaintiff Brian Schartz's (Schartz) motion to remand and motion for sanctions. For the following reasons stated below, Schartz's motion to remand is granted and motion for sanctions is denied.

## BACKGROUND

Schartz alleges that on November 4, 2016, he filed a stockholder class action and derivative complaint in State court against Defendants O.B. Parrish, William R. Gargiulo, Jr., Donna Felch, David R. Bethune, Andrew S. Love, Mary Margaret Frank, Sharon Meckes, Elgar Peerschke, Mitchell S. Steiner (Steiner), Harry Fisch (Fisch), Georges Makhoul, Mario Eisenberger, and Lucy Lu (collectively referred to as the "Board") and Defendant Female Health Company, a Wisconsin corporation

1

that is headquartered in Chicago, Illinois (Female Health). Schartz alleges that the Board and Female Health violated Wisconsin Business and Corporation Law (WBCL), §§ 180.1101 *et seq*, by merging Aspen Park Pharmaceuticals, Inc., a Delaware corporation, (Aspen Park) into Female Health without the affirmative vote of at least two thirds of the shareholders. Schartz filed this case in State court and included in his complaint breach of fiduciary duty claims brought against Female Health's pre-merger directors, aiding and abetting breach of fiduciary duty claims brought against Female Health's post-merger directors, and unjust enrichment claims brought against Steiner and Fisch. On November 7, 2016, Schartz filed a motion for preliminary injunction and a hearing was scheduled in State court for November 22, 2016. On November 18, 2016, Defendants filed their notice of removal to this court pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). Schartz now moves to remand the matter to State Court and for sanctions against Defendants.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded." *Id.* When an action is removed to federal court and a defendant invokes federal subject matter jurisdiction, the defendant bears the burden of showing that the federal court has subject matter jurisdiction. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012)(stating that "[t]he party invoking federal jurisdiction bears the burden of demonstrating its existence").

I. Class Action Fairness Act

A. Federal Jurisdiction Under CAFA

Defendants removed this matter to federal court arguing that the court has jurisdiction under the CAFA. CAFA gives district courts jurisdiction over state-law class actions where the putative class action consists of at least 100 proposed class members, "the matter in controversy exceeds the sum or value of $5,000,000. . .and any member of a class of plaintiffs is a citizen of a State different from any defendant. . . ." 28 U.S.C. § 1332(d). CAFA was enacted to "grant[ ] broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 618 (7th Cir. 2012). The party seeking "removal bears the burden of establishing the general requirements of CAFA jurisdiction." *Id.*

Defendants argue that they properly established the requirements for CAFA jurisdiction in federal court. Defendants contend that they have met the threshold

elements for removal under CAFA, showing the following: that the class consists of at least 100 class members, no defendant is a State, State official or government entity, the citizenship of at least one class member is different from that of any defendant, and the aggregate amount in controversy exceeds $5 million. Defendants discuss the allegations in Schartz's complaint as support for meeting this threshold. Defendants contend that Schartz brought the lawsuit on behalf of himself and all others similarly situated and derivatively on behalf of Female Health, which exceeds 100 class members. Defendants have shown that minimal diversity is met because Female Health shareholders and several Individual Defendants reside in various other States. Defendants also have shown that the amount in controversy exceeds $5,000,000 because Schartz alleges that he and other class members have suffered significant damages as a result of the merger. Defendants have shown that Female Health has over 29 million shares outstanding and the stock dropped from $1.82 to $.95 per share during the first announcement of the merger through the closing date on October 31, 2016. Defendants contend any damages based on these estimates exceeds the sum of $5,000,000. The court finds that Defendants have satisfied their burden of establishing the general requirements of CAFA for federal jurisdiction.

### B. Internal Affairs CAFA Exception Applies

Schartz argues that the case should be remanded to State court because Schartz's claims are expressly excluded from CAFA jurisdiction. The party opposing removal and "seeking remand has the burden to establish any exception to CAFA

jurisdiction." *Appert v. Morgan Stanley Dean Witter*, 673 F.3d 609, 618-19 (7th Cir. 2012); *see also Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 697–98 (2003)(holding that when a defendant removes a case under 28 U.S.C. § 1441(a), the burden is on a plaintiff to find an express exception to removal). Section 1453(b) allows removal of any class action brought within federal jurisdiction by § 1332(d), and § 1453(d) adds: "Exception.—This section shall not apply to any class action that solely involves—(2) a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise and arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized . . . ." *Katz v. Gerardi,* 552 F.3d 558, 562 (7th Cir. 2009)(quoting 28 U.S.C. § 1453(d)(2)). The "internal affairs" doctrine is "a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs—matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders—because otherwise a corporation could be faced with conflicting demands." *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982).

Schartz argues that he solely asserts claims relating to the internal affairs of Female Health because the violations arose under Wisconsin law, which is where Female Health is incorporated. The background on this transaction provides the necessary context in determining whether Schartz's claims solely relate to the internal affairs of Female Health. Schartz alleges that on April 5, 2016, Female Health announced a proposed merger with Aspen Park. Defendants contend that

under WBCL, three aspects of the proposed April 5, 2016 merger required the approval of at least two-thirds of Female Health's shareholders. Schartz alleges that on September 20, 2016, Female Health did not obtain sufficient shareholder votes and postponed the meeting to September 22, 2016. On September 22, 2016, Female Health postponed the meeting to October 14, 2016. On October 14, Female Health announced only 65% shareholder approval, which did not satisfy WBCL. On October 31, 2016, Female Health disclosed the amended merger agreement. Defendants contend that the "amended merger agreement is clear that the merger was only between two Delaware corporations." However, the amended merger agreement states that "The Female Health Company, a Wisconsin corporation ('FHC'), completed a merger transaction (the 'Transaction') with Aspen Park Pharmaceuticals, Inc., a Delaware corporation ('APP'), pursuant to an Amended and Restated Agreement and Plan of Merger. . .among FHC, APP, and FHC's wholly owned subsidiary Blue Hen Acquisition, Inc. ('APP Merger Sub')." (Def. Ex. H). Schartz alleges that under "the amended merger agreement, [Female Health] issued two million shares of common stock and 546,756 shares of [Female Health] Class A Preferred Stock - Series 4 to [Aspen Park] shareholders." (Comp. Par. 59). Schartz alleges that each of those preferred stock shares "will automatically convert into 40 common shares at a future date." *Id.* Allegedly, as a result of the merger, "[Aspen Park] shareholders will own approximately 23,870,000 [Female Health] common shares, constituting approximately 45% of the outstanding common shares as of the closing date." *Id.* Schartz brings this claim on behalf of himself, as a shareholder of

6

Female Health, and derivatively on behalf of Female Health. Schartz's claims are relevant in determining that they fall within the CAFA exception. Schartz alleges a breach of fiduciary duty against Female Health board members, aiding and abetting a breach of fiduciary duty against Female Health's post-merger Board members, and unjust enrichment claims against Steiner and Fisch.

### 1. Breach of fiduciary duty claims

Female Health argues that Schartz's fiduciary duty claim does not solely relate to the internal affairs of Female Health and does not solely involve Wisconsin law. Where "plaintiffs' claims rest on state law, the choice-of-law rules come from the state in which the federal court sits." *In re Bridgestone / Firestone, Inc.,* 288 F.3d 1012, 1015 (7th Cir. 2002). Thus, Illinois choice of law principles apply. Illinois employs the internal affairs doctrine. *See Resolution Trust Corp. v. Chapman*, 29 F.3d 1120, 1122 (7th Cir.1994) (noting that internal affairs doctrine is "recognized throughout the states"). The internal affairs doctrine states that "only one State should have the authority to regulate a corporation's internal affairs—matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders—because otherwise a corporation could be faced with conflicting demands." *Edgar*, 457 U.S. at 645. It is "well established that only the law of the State of incorporation governs and determines issues relating to a corporation's internal affairs." *CTS Corp. v. Dynamics Corp. of Am.,* 481 U.S. 86, 89-93 (1981). Pursuant to "the internal affairs doctrine, a suit for breach of fiduciary

7

duty is governed by the law of the state of incorporation." *CDX Liquidating Trust v. Venrock Associates,* 640 F.3d 209, 212 (7th Cir. 2011).

Defendants argue that Schartz's claim is essentially that the merger between Blue Hen and Aspen Park was illegal because Female Health's directors failed to get the necessary approval from Female Health's shareholders. Defendants contend that this allegation requires the court to interpret Delaware law due to the nature of the merger. Defendants cite to Delaware case law in support of this contention. Schartz alleges a breach of fiduciary duty claim against Defendants O.B. Parrish, William R. Gargiulo, Jr., Donna Felch, David R. Bethune, Andrew S. Love, Mary Margaret Frank, and Sharon Meckes. Schartz alleges that these Defendants were Female Health's officers and/or directors at all relevant times up to and including the October 31, 2016 transaction. Schartz alleges that Defendants breached their fiduciary duties by consummating the transaction in violation of the WBCL because they failed to obtain the affirmative vote of at least two-thirds as statutorily required. Thus, Schartz's breach of fiduciary duty claim was solely alleged against Female Health, a Wisconsin corporation, and the allegations solely involved directors and/or officers of a Wisconsin corporation. Schartz's breach of fiduciary duty claim does not allege a violation of Delaware law nor would it require the court to interpret Delaware law. Thus, the breach of fiduciary duty claim is governed solely by Female Health's state of incorporation, Wisconsin and the exception applies to these claims.

## 2. Aiding and abetting breach of fiduciary duty

Defendants argue that Schartz's aiding and abetting a breach of fiduciary duty claims and unjust enrichment claims do not solely relate to the internal affairs of Female Health and do not solely involve Wisconsin law. As noted above, "[a] single rule for each corporation's internal affairs reduces uncertainty and the prospect of inconsistent obligations; it also enables the corporate venturers to adjust the many variables of the corporate life, confident that they can predict the legal effect of these choices" *Nagy v. Riblet Products Corp.*, 79 F.3d 572, 576 (7th Cir. 1996). The internal-affairs doctrine "recognizes that only one State should have the authority to regulate a corporation's internal affairs—matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders—because otherwise a corporation could be faced with conflicting demands." *Edgar*, 457 U.S. at 645. Defendants argue that Illinois applies the "most significant relationship" test for tort claims. As noted above, the internal affairs doctrine is recognized throughout the States and in Illinois. Schartz argues that the claims derive solely from the internal affairs of Female Health and actions by its officers and/or directors under the laws of Wisconsin. The court notes that the aiding and abetting claim cannot exist without the underlying allegation of breach of fiduciary duty, which is governed by Wisconsin law. Thus, the aiding and abetting breach of fiduciary duty claim falls within the internal affairs doctrine and is governed solely by Wisconsin law and the exception applies to these claims.

9

### 3. Unjust enrichment

Defendants argue that Schartz's unjust enrichment claims do not solely relate to the internal affairs of Female Health and do not solely involve Wisconsin law. Schartz contends that because Female Health is incorporated in Wisconsin, and because Schartz brings this action under his role as a shareholder, Wisconsin law governs the claims. Under the choice of law provisions, the internal affairs doctrine applies to the unjust enrichment claims as well. *See Haith v. Bronfman,* 928 F. Supp. 2d 964, 968 (N.D. Ill. 2013)(stating that because "Accretive Health is a Delaware corporation, the internal affairs doctrine provides that Delaware law governs Plaintiffs' claims," which include "three counts of breach of fiduciary duty, one count of unjust enrichment, one count of abuse of control, one count of gross mismanagement, and one count of waste of corporate assets"). Similarly, the court finds that Schartz's allegations fall within the scope of the internal affairs doctrine and arises under the laws of Wisconsin and the exception applies. Based on the above, the motion to remand is granted.

## II. Sanctions

Schartz also moves for sanctions against Defendants contending that they intended to interfere with Schartz's ability to obtain a preliminary injunction in a timely fashion by filing this frivolous removal. The Seventh Circuit has explained that parties and/or attorneys may be subject to Federal Rule of Civil Procedure 11 (Rule 11) sanctions "when parties or their attorneys bring legal action for any

improper purpose, such as to harass or needlessly increase the cost of litigation." *National Wrecking Co. v. International Broth. of Teamsters, Local 731,* 990 F.2d 957, 963 (7th Cir. 1993). A court can impose Rule 11 sanctions "if a lawsuit is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Cuna Mut. Ins. Soc. v. Office and Professional Employees Intern. Union, Local 39*, 443 F.3d 556, 560–61 (7th Cir. 2006). In making its Rule 11 inquiry, the court "must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." Id. The Seventh Circuit has recognized that "[w]hile the Rule 11 sanction serves an important purpose, it is a tool that must be used with utmost care and caution." *Federal Deposit Ins. Corp. v. Tekfen Const. and Installation Co., Inc.*, 847 F.2d 440, 444 (7th Cir. 1988).

In the instant action, Schartz has not provided sufficient evidence to show that Defendants engaged in any intentional delay, harassment, or frivolous argument by exercising their right to remove this matter to federal court. The mere fact that Female Health did not prevail does not mean that they, or their counsel, engaged in sanctionable conduct. The court notes that Defendants exercised their right to remove this matter under CAFA and Schartz had the burden of proving an exception to CAFA. The court finds that no objective evidence of bad faith was exercised by Defendants in this matter. *See Cuna Mut. Ins. Soc. v. Office and Professional Employees Intern. Union, Local, 39*, 443 F.3d 556, 560–61 (7th Cir. 2006)(stating that "[t]he court must 'undertake an objective inquiry into whether the party or his

counsel should have known that his position is groundless"). The Defendants exercised their right to remove this matter and will not be penalized for it. Schartz has not shown that Female Health or Female Health's counsel should have concluded that the removal was groundless. Thus, the motion for sanctions is denied.

## CONCLUSION

For the foregoing reasons, the motion to remand is granted and the motion for sanctions is denied.

_Samuel Der-Yeghiayan_
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 14, 2016